IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

**FELIX CASTRO-DAVIS,**

**Petitioner,**

**v.**                                          **Civil Action No. 5:19cv188**
                                                **(Judge Bailey)**

**WARDEN GOMEZ, FCI Gilmer,**

**Respondent.**

## REPORT AND RECOMMENDATION

### I.   BACKGROUND

On June 3, 2019, the *pro se* petitioner, Felix Castro-Davis ("Castro-Davis") filed an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241, together with a Motion for Leave to Proceed *in forma pauperis* and a Prisoner Trust Account Report. This matter is assigned to the Honorable John Preston Bailey, United States District Judge, and is referred to the undersigned United States Magistrate Judge for submission of a proposed disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

### II.   PETITION

In his petition, Castro-Davis alleges that on December 31, 2018, he was injured in the FCI Gilmer kitchen and sent to Health Services for emergency treatment where he was denied any level of review for his injury. In addition, Castro-Davis alleges that Health Services refuses to provide "licensed medical assessment of [his] injuries and long term/permanent physical damage from [his] December 31, 2018 work place injury. For relief, he asks for an Order directing Health Services to admit their failure to treat or assess his injury and to provide a licensed medical doctor to review his injury and assess his permanent physical damage.

1

### III.   **ANALYSIS**

A section 2241 petition is used to attack the manner in which the sentence is executed.   *See* 28 U.S.C. § 2241.   More specifically, a section 2241 petition is appropriate where a prisoner challenges the fact or duration of his confinement but not the conditions of that confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 499-500 (1973).

Here, Castro-Davis complains about the conditions of his confinement. Specifically, his claims relate to his medical condition and what the undersigned construes as an allegation of deliberate indifference to that condition. This claim is not an attack on, nor is it related in any way to, the execution of his sentence.   Thus, Castro-Davis' claims regarding the conditions of his confinement should have been raised pursuant to a civil rights complaint. *Preiser* at 499-500 (a civil rights action is the proper remedy for a prisoner challenging the conditions of his prison life).   *See also Lee v. Winston*, 717 F.2d 888 (4th Cir. 1983).   Because a petition for writ of habeas corpus under § 2241 is not the proper avenue in which to seek the requested relief, the petition should be denied and dismissed from the Court's active docket.

### IV.   **RECOMMENDATION**

In consideration of the foregoing, it is the undersigned's recommendation that Castro Davis' § 2241 petition [ECF No.1] be **DENIED and DISMISSED** without prejudice to his right to file his claims in a civil rights action. In addition, the undersigned recommends that his Motion for Leave to Proceed *in forma* pauperis [ECF No. 2]  **BE GRANTED**, but the fee be waived.

Castro-Davis shall have fourteen days from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written**

**objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**   A copy of such objections should also be submitted to the United States District  Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave  to exceed the page  limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation, **together with a Bivens packet** to Castro-Davis by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED:  June 5, 2019

*/s James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE